**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID B. MATHISON and MELISSA MATHISON, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTRYWIDE HOME LOANS, INC.; CTC REAL ESTATE SERVICES; RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING, LP; FIRST AMERICAN TITLE INSURANCE COMPANY; CHARLOTTE OLMOS; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action,<br><br>    Defendants. | 3:11-cv-479-RCJ-WGC<br><br>**ORDER** |

This is a standard foreclosure case involving a single property. The complaint is a MERS-conspiracy-type complaint listing nine causes of action. Defendants Countrywide Home Loans, Inc. ("Countrywide"), CTC Real Estate Services ("CTC"), ReconTrust Company, N.A. ("ReconTrust"), and Bank of America, N.A., as successor by merger to Defendant BAC Home Loans Servicing, LP ("BAC") (collectively "Defendants"), filed a motion to dismiss and expunge lis pendens (#5). For the reasons stated below, Defendants' motion to dismiss and expunge lis pendens is granted in part and denied in part.

## BACKGROUND[1]

Plaintiffs David and Melissa Mathison are the owners of real property located at 7516 Cezanne Court, Sun Valley, Nevada 89433 (the "Property"). (Compl. (#1-1) at 3). Plaintiffs refinanced the Property by obtaining a $183,000 loan from Countrywide, which was secured with a deed of trust dated March 3, 2005 (the "Deed of Trust"). (Deed of Trust (#5-1) at 1-2). The Deed of Trust listed Countrywide as the lender, CTC as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary. (*Id.* at 2).

Plaintiffs subsequently defaulted on the loan secured by the Deed of Trust. (Mot. to Dismiss (#5) at 3). MERS assigned the Deed of Trust to the Bank of New York Mellon FKA the Bank of New York as Trustee for the Certificateholders of CWALT 2005-09CB ("BNY Mellon") on January 20, 2010. (Assignment of Deed of Trust (#5-4)). On the same day, BAC—claiming to be acting as attorney-in-fact for BNY Mellon—substituted ReconTrust as trustee and ReconTrust executed and recorded a notice of default and election to sell under deed of trust. (Substitution of Trustee (#5-5); Notice of Default (#5-6)). No evidence has been presented to show that BAC was given the power to act as attorney-in-fact for BNY Mellon.

On June 8, 2010, the Nevada Foreclosure Mediation Program issued a certificate permitting the foreclosure to proceed. (Certificate (#5-7)). ReconTrust then recorded a notice of trustee's sale on July 12, 2010. (Notice of Trustee's Sale (#5-8)). The foregoing sale was postponed and on May 6, 2011 ReconTrust recorded a new notice of trustee's sale. (Notice of Default (#5-9)). That sale was also postponed and as of July 19, 2011, the sale has not gone forward. (Mot. to Dismiss (#5) at 4).

Plaintiffs filed their complaint on May 27, 2011 against Countrywide, CTC, ReconTrust,

---

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Mot. to Dismiss (#5) at 3 n.2). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

2

BAC, First American Title Insurance Company, and Charlotte Olmos. (Compl. (#1-1)). The complaint alleges nine causes of action, including: (1) debt collection violations under NRS § 649.370; (2) unfair and deceptive trade practices under NRS § 598.0923; (3) unfair lending practices under NRS § 598D.100; (4) violation of the covenant of good faith and fair dealing; (5) violation of NRS § 107.080; (6) quiet title; (7) fraud in the inducement and through omission; (8) slander of title; and (9) abuse of process. (Compl. (#1-1) at 23-47). Plaintiffs recorded a lis pendens on the Property the same day they filed their complaint. (Notice of Lis Pendens (#5-10)).

On July 19, 2011, Defendants filed a motion to dismiss for failure to state a claim and to expunge the lis pendens. (Mot. to Dismiss (#5)).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant

1 leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendants have filed a motion to dismiss all nine causes of action against them for failure to state a claim. (Mot. to Dismiss (#7)). Plaintiffs filed an opposition and Defendants filed a reply. (Opp'n to Mot. to Dismiss (#9); Reply to Mot. to Dismiss (#12)).

In Plaintiffs' first cause of action for debt collection violations under NRS § 649.370, Plaintiffs have failed to state a claim because Defendants are not debt collectors as required by the statute. NRS § 649.370 states that a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., along with all regulations adopted under this Act is a violation of Nevada law. For a defendant to be liable for a violation of the FDCPA, the defendant must be classified as a "debt collector" within the meaning of the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev. 2010). A "debt collector" is defined by the FDCPA as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.' " *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)). As Defendants here are foreclosing on the Property pursuant to a deed of trust, they do not qualify as "debt collectors" within the meaning of the FDCPA, and consequently neither the FDCPA nor NRS § 649.370 apply.

4

Plaintiffs' second cause of action alleging unfair and deceptive trade practices in violation of NRS § 598.0923 will also be dismissed. Under the statute, a person engages in a deceptive trade practice when he or she knowingly conducts business without all required state, county or city licenses. NEV. REV. STAT. § 598.0923(1). The statute however explicitly states that the following activities do not constitute doing business in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. 80.015(1)(a), (g)-(h). Because Defendants in this mortgage case are not considered to have been doing business in Nevada, NRS § 598.0923 does not apply and this cause of action is dismissed without leave to amend.

The Court also dismisses Plaintiffs' third cause of action for unfair lending practices under NRS § 598D.100 because the statute of limitations has run on this claim. Plaintiffs allege Defendants engaged in unfair lending practices by luring Plaintiffs into obtaining the loans based solely on the future equity of the home in violation of NRS § 598D.100. (Compl. (#1-1) at 27). An action "upon a statute for a penalty or forfeiture" has a two-year statute of limitations, unless the statute provides otherwise. NEV. REV. STAT. § 11.190(4)(b). The plain language of the statute indicates that it is a statute for a penalty and does not contain its own limitations period, and consequently the statute of limitations period on this claim is two years. *See* NEV. REV. STAT § 598D.110. As the loan was extended in 2005 and Plaintiffs did not file their complaint until 2011, the statute of limitations has run on this claim.

Plaintiffs have additionally failed to state a claim in their fourth cause of action for violation of the covenant of good faith and fair dealing. Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3)

5

the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Defendants first allegedly violated the covenant of good faith and fair dealing by luring Plaintiffs into the initial loan by wrongfully declaring they qualified for the loan. (Compl. (#1-1) at 28). Yet to be actionable, the breach of the covenant must have occurred *after* the formation of the contract, not *before*. *Crow v. Home Loan Ctr., Inc.*, 2011 WL 3585466, at *3 (D. Nev. 2011). Plaintiffs also contend that Defendants violated the covenant of good faith and fair dealing by offering Plaintiffs consideration for loan modifications, falsely telling them the foreclosures would be postponed. (Compl. (#1-1) at 28-29). Yet Plaintiffs provided no information that confirms the existence of a loan modification agreement or contract between the parties. *See Perry*, 900 P.2d at 338 (requiring the plaintiff to show the existence of a contract to state a claim for breach of the covenant of good faith and fair dealing). Finally, Plaintiffs argue Defendants violated the covenant of good faith and fair dealing by frustrating the legitimate purposes of the mortgage contract. (Compl. (#1-1) at 29). Foreclosing upon a loan that is in default does not deprive Plaintiffs of any justifiable expectations as they consented to the arrangement.

Plaintiffs have however stated a claim under their fifth cause of action for violations of NRS § 107.080 and their sixth cause of action for quiet title. Under NRS § 107.080(2)(c), the power of sale cannot be exercised pursuant to a deed of trust until the beneficiary, the successor in interest of the beneficiary or the trustee executes and records a notice of default and election to sell. Here, ReconTrust executed and recorded the notice of default claiming it had been duly substituted as trustee. (Notice of Default (#5-6)). Defendants contend ReconTrust was the authorized trustee over the Deed of Trust because BAC—acting as attorney-in-fact for BNY Mellon, the assignee of the Deed of Trust—substituted ReconTrust as trustee. (Mot. to Dismiss (#5) at 4; Substitution of Trustee (#5-5) at 2). Yet Defendants have provided no evidence establishing that BAC was authorized by BNY Mellon to substitute ReconTrust as trustee. Because it is presently unclear that BAC was given authority from BNY

6

Mellon to make a substitution of trustee (and consequently that ReconTrust had authority to file the notice of default), Plaintiffs have successfully stated a claim for violations of NRS § 107.080 and for quiet title.[2]

Plaintiffs' seventh cause of action for fraud in the inducement and through omission fails because Plaintiffs have not alleged any fraudulent statements or omissions concerning the terms of the loan and because Plaintiffs have failed to satisfy the strict pleading requirements of Federal Rule of Civil Procedure 9(b). Under Nevada law, a claim of fraud requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Plaintiffs here have failed to allege any false statements or omissions that were material to the terms of the loan. Plaintiffs only allege that they were not made aware of the inner workings of the mortgage industry, which ultimately had no effect upon the loan agreement. As Plaintiffs have not alleged any false statements or omissions concerning the terms of the loan, they have failed to state a claim for fraud. Additionally, Plaintiffs' fraud allegations lack the specificity required by Rule 9(b) because Plaintiffs have failed to allege which Defendant

---

[2] *See Algarin v. CTX Mortg. Co., LLC*, 2011 WL 4356513, at *3 (D. Nev. 2011) (finding the plaintiffs' causes of action for violations of NRS § 107.080 and quiet title survived a motion to dismiss where the defendant executed a substitution of trustee claiming to be acting as attorney-in-fact for the beneficiary but failed to show the beneficiary gave him such authority).

committed what alleged fraud, and when and where these fraudulent actions took place. Accordingly, Plaintiff's seventh cause of action is dismissed.

The eighth cause of action for slander of title fails because the statements made by Defendants were not untrue.  Plaintiffs allege that Defendants slandered their title to the Property by recording the notice of default knowing that they were unauthorized to foreclose and knowing the filed document was defective. (Compl. (#1-1) at 44-46).  To succeed on a slander of title claim, the plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)). Plaintiffs here do not deny they have defaulted under the note, and consequently the notice of default is not a false statement disparaging the title to the Property.

Plaintiffs have also failed to state a claim on their ninth and final cause of action for abuse of process because Plaintiffs have failed to allege any facts demonstrating that Defendants had an ulterior purpose in foreclosing, and because nonjudicial foreclosures are not considered "process" for the purposes of this tort.  To prevail on a claim of abuse of process, the plaintiff must show that the defendant (1) had an ulterior purpose in bringing legal action other than resolving a legal dispute, and (2) used the legal process in a manner that is not proper in the regular conduct of the proceeding. *Exec. Mgmt.,* 963 P.2d at 478.  Yet Plaintiffs have plead no facts that would show Defendants had any ulterior motive in bringing the foreclosure action.  Additionally, nonjudicial foreclosures are not the type of "process" the tort of abuse of process was meant to address because by its very definition it does not involve judicial action. *See Barlow v. BNC Mortg., Inc.*, 2011 WL 3841223, at *4 (D. Nev. 2011). Plaintiffs' ninth cause of action therefore lacks merit and is dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion to dismiss (#5) is granted in part as to claims one, two, three, four, seven, eight, and nine without leave to amend and denied in part as to claims five and six.

IT IS FURTHER ORDERED that Defendants' motion to expunge lis pendens (#5) is denied as the remaining claims affect the title to the Property.

Dated: This 10th day of January, 2012.

_____
United States District Judge