**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID B. MATHISON and MELISSA MATHISON, husband and wife, | )<br>)<br>) |
| Plaintiffs, | )  3:11-cv-479-RCJ-WGC |
| v. | ) |
| | )  **ORDER** |
| COUNTRYWIDE HOME LOANS, INC., et al., | )<br>)<br>) |
| Defendants. | )<br>) |

Currently before the Court is a motion for summary judgment (#24). The Court held oral argument on July 30, 2012.

**BACKGROUND**

Plaintiffs David and Melissa Mathison (collectively "Plaintiffs") are the owners of real property located at 7516 Cezanne Court, Sun Valley, Nevada 89433 (the "Property"). (Compl. (#1-1) at 3). Plaintiffs refinanced the Property by obtaining a $183,000 loan from Countrywide Home Loans, Inc. ("Countrywide"), which was secured with a deed of trust dated March 3, 2005 (the "Deed of Trust"). (Deed of Trust (#5-1) at 1-2). The Deed of Trust listed Countrywide as the lender, CTC Real Estate Services ("CTC") as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary. (*Id.* at 2).

Plaintiffs subsequently defaulted on the loan secured by the Deed of Trust. (Notice of Default (#5-6)). MERS assigned the Deed of Trust to the Bank of New York Mellon FKA the Bank of New York as Trustee for the Certificateholders of CWALT 2005-09CB ("BNY Mellon") on January 20, 2010. (Assignment of Deed of Trust (#5-4)). On the same day, BAC Home

1  Loans Servicing LP ("BAC")—acting as attorney-in-fact for BNY Mellon under a pooling and
2  service agreement ("PSA")—substituted ReconTrust Company, N.A. as trustee. (PSA (#24-2);
3  Substitution of Trustee (#5-5)). First American Title Insurance Company ("First American")
4  then executed and recorded a notice of default on January 20, 2010 as agent of ReconTrust,
5  but no evidence of the existence of this relationship has been presented to the Court. (Notice
6  of Default (#5-6)).

7  On June 8, 2010, the Nevada Foreclosure Mediation Program issued a certificate
8  permitting the foreclosure to proceed. (Certificate (#5-7)). ReconTrust then recorded a notice
9  of trustee's sale on July 12, 2010. (Notice of Trustee's Sale (#5-8)). The foregoing sale was
10 postponed and on May 6, 2011 ReconTrust recorded a new notice of trustee's sale. (Notice
11 of Trustee's Sale (#5-9)). That sale was again postponed and as of March 23, 2012, the sale
12 has not gone forward. (Mot. for Summ. J. (#24) at 3).

13 Plaintiffs filed their complaint on May 27, 2011 against Countrywide, CTC, ReconTrust,
14 BAC, First American, and Charlotte Olmos (collectively "Defendants"). (Compl. (#1-1) at 1).
15 The complaint alleged nine causes of action, including: (1) debt collection violations under
16 NRS § 649.370; (2) unfair and deceptive trade practices under NRS § 598.0923; (3) unfair
17 lending practices under NRS § 598D.100; (4) violation of the covenant of good faith and fair
18 dealing; (5) violation of NRS § 107.080; (6) quiet title; (7) fraud in the inducement and through
19 omission; (8) slander of title; and (9) abuse of process. (Compl. (#1-1) at 23-47). Plaintiffs
20 recorded a lis pendens on the Property the same day they filed their complaint. (Notice of Lis
21 Pendens (#5-10)).

22 On July 19, 2011, Defendants filed a motion to dismiss for failure to state a claim and
23 to expunge the lis pendens. (Mot. to Dismiss (#5)). The Court held oral argument on the
24 motion on December 12, 2011. The Court granted Defendants' motion to dismiss on all but
25 two claims without leave to amend: claim five for violations of NRS § 107.080 and claim six
26 for quiet title. (Order (#18) at 8). The Court retained claims five and six because Defendants
27 failed to demonstrate at that time that BAC was authorized by BNY Mellon to substitute
28 ReconTrust as trustee. (*Id.* at 6-7).

On March 23, 2012, Countrywide, CTC, ReconTrust, and BAC filed a motion for summary judgment on Plaintiffs' remaining claims for relief. (Mot. for Summ. J. (#24)). On March 28, 2012, First American and Charlotte Olmos filed a joinder to the motion for summary judgment. (Joinder (#25)).

**LEGAL STANDARD**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 954 (9th Cir. 2008). Factual materiality is driven by the substantive law's determination of which facts are critical to the elements of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If reasonable minds could differ on the material facts at issue, then a genuine dispute exists and summary judgment is not appropriate. *See id.* at 250-51. A court does not weigh the evidence or credibility of witnesses in making this determination. *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007).

The moving party has the initial burden of informing the court how the pleadings and pre-trial discovery "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party also has the burden of proof at trial, then they must establish the absence of material fact for each element of their case. *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Conversely, if the nonmoving party bears the burden of proof at trial, then the moving party can meet its initial burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323-24.

Once the moving party meets its initial burden, the nonmoving party must set forth facts beyond the assertions and allegations of the pleadings and demonstrate a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Horphag*, 475 F.3d at 1035. The nonmoving party sufficiently

demonstrates a genuine issue for trial when the nonmoving party shows that a jury or judge is required to resolve the dispute. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A court draws all justifiable inferences in favor of the nonmoving party. *Anderson*, 477 U.S. at 255. But if the nonmovant's evidence is merely colorable or is not significantly probative, summary judgment may nevertheless be granted. *See id.* at 249-50.

## DISCUSSION

Defendants have filed a motion for summary judgment on claims five and six. (Mot. for Summ. J. (#24)).

The Court denies the motion for summary judgment as to the allegations of violations of NRS § 107.080 contained in claim five. Under NRS § 107.080(2)(c), the power of sale cannot be exercised pursuant to a deed of trust until the beneficiary, the successor in interest of the beneficiary, or the trustee executes and records a notice of default and election to sell. Here, BAC substituted ReconTrust as trustee and First American, allegedly as an agent of ReconTrust, executed and recorded the notice of default. (Substitution of Trustee (#5-5); Notice of Default (#5-6)). The Court sought evidence establishing that BAC was authorized by BNY Mellon to substitute ReconTrust as trustee. (Order (#18) at 6). In response, Defendants attached the PSA to their motion for summary judgment. (PSA (#24-2)). The PSA states that Countrywide is the "Master Servicer" and that the "Master Servicer shall have full power and authority . . . to effectuate foreclosure or other conversion of the ownership of the Mortgaged Property securing any Mortgage Loan." (*Id.* at 1, 63). Countrywide eventually became BAC, whereupon BAC took over the duties of "Master Servicer" under the PSA. (Mot. for Summ. J. (#24) at 6). Therefore, BAC was duly authorized by BNY Mellon to substitute ReconTrust as trustee.

Though ReconTrust was properly substituted as trustee of the Deed of Trust, the notice of default was executed by First American as agent for ReconTrust. (Notice of Default (#5-6)). Plaintiffs argue that documentation should be provided showing the agency relationship between First American and ReconTrust. (Opp'n to Mot. for Summ. J. (#27) at 6). There is nothing in the record demonstrating that First American had the authority to act as

ReconTrust's agent and execute the notice of default. *See, e.g., Galleron v. Mann Mortg., LLC*, 2012 WL 1682034, at *4 (D. Nev. May 11, 2012) (denying a motion to dismiss because the defendants failed to demonstrate an agency relationship between the trustee and the agent executing and recording the notice of default). Plaintiffs have accordingly demonstrated a genuine issue of material fact for trial as to whether First American truly was an agent of ReconTrust when it executed the notice of default. *See* Fed. R. Civ. P. 56(e). Therefore, although Defendants have adequately shown that ReconTrust was the duly appointed trustee of the Deed of Trust, they have failed to show that the party which executed the notice of default had authority from the trustee to do so. The Court, therefore, denies the motion for summary judgment (#24) as to claim five.

The Court also denies Defendants' motion for summary judgment on Plaintiffs' sixth claim for quiet title. A claim for quiet title "requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property." *Carucci v. Wells Fargo Home Mortg.*, 2010 WL 3283537, at *2 (D. Nev. Aug. 17, 2010). For the reasons stated previously, there exists a genuine issue of material fact as to whether Defendants are unlawfully asserting an adverse claim to title to the Property. Therefore, the Court denies the motion for summary judgment (#24) as to claim six.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion for summary judgment (#24) is DENIED.

DATED: This 3rd day of August, 2012.

_____
United States District Judge